**Donald R. PRINTY, Respondent,**

v.

**STATE of Missouri, DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS, et al., Appellants.**

**No. WD 38814.**

Missouri Court of Appeals, Western District.

July 14, 1987.

William L. Webster, Atty. Gen., Mark S. Siedlik, Asst. Atty. Gen., Jefferson City, for appellants.

Lloyd L. Messick, Cronan and Messick, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and PRITCHARD, and TURNAGE, JJ.

TURNAGE, Judge.

The State of Missouri appeals from a judgment in favor of Donald R. Printy under the Crime Victim's Compensation Act. § 595.010 et seq., RSMo 1986. The State argues that the trial court erred in failing to deduct from Printy's Crime Victim's award amounts paid Printy as permanent partial disability compensation under the Worker's Compensation Act.

Reversed.

While acting in the course and scope of his employment, Printy was hit by a gunshot fired by an unknown criminal, who was attempting to commit a robbery. Prin-ty settled his resulting Worker's Compensation claim for payments of $4,971.30 for temporary total disability and $6,302.14 for permanent partial disability.[1]

Printy filed his claim for lost earnings under the Crime Victim's Compensation Act and received a hearing before an administrative law judge. At the hearing, Printy introduced evidence that he had lost wages for 23 3/7 weeks as a result of the shooting, and that his wage rate was $329.60 per week at the time of the crime. Pursuant to his Worker's Compensation settlement, he had received compensation for temporary total disability at the rate of $219.19 for 23 3/7 weeks. He sought to recover his uncompensated lost earnings in the Crime Victim's proceeding.

Section 595.035.2, RSMo Supp. 1984 (amended 1985),[2] requires that Crime Victim's Compensation awards be reduced by recovery from certain collateral sources, including insurance and public monies. Pursuant to statute, Worker's Compensation awards are funded either through insurance, § 287.280, RSMo 1986, or in some cases, public funds, § 287.220, RSMo 1986. Therefore, the administrative law judge determined he was obliged to reduce the amount of Printy's Crime Victim's award by what Printy had received under the Worker's Compensation Act.

Since Printy's Worker's Compensation award for temporary and permanent disability totaled $11,273.44 and the only evidence Printy introduced indicated his lost earnings were less than that amount, the administrative law judge determined that there was no basis to make any award under the Crime Victim's Compensation Act.

The Labor and Industrial Relations Commission affirmed the administrative law judge's award, with one member of the commission dissenting. The dissenting

---

1. Printy also received compensation for medical expenses; since he made no claim for these expenses under the Crime Victim's Act, this amount is not in issue.

2. Section 595.035.2, RSMo Supp.1984, provides:

2. Any compensation paid pursuant to sections 595.010 to 595.070 shall be reduced by the amount of any payments received or to be received as a result of the injury or death:
 (1) From or on behalf of the offender;
 (2) Under insurance programs; or
 (3) From public funds.

member argued that the Worker's Compensation award for permanent partial disability should not offset Printy's Crime Victim's claim for wages lost because of temporary total disability, since this would have the effect (in this case) of denying the crime victim complete compensation for the earnings lost during his temporary total disability.

Printy appealed to the Circuit Court for review of the Commission's decision. The trial court agreed with the reasoning of the dissenting member of the Commission, holding: "To credit the permanent partial disability benefits against loss of earnings improperly mixes two separate theories of benefits and deprives claimant of what the law clearly entitles him [sic]." Therefore, the trial court entered its judgment awarding Printy $2,750.92, supposedly the difference between his proven lost wages and the amount he received for temporary total disability.[3]

■ The State argues that the trial court erred in failing to reduce the Crime Victim's award by the total amount of Worker's Compensation Act disability compensation Printy received, whether for temporary total or permanent partial disability.[4] The State is correct; since the plain meaning of § 595.035.2 is to reduce the Crime Victim's award by any amount received as a result of the injury under insurance programs and public funds, this court is not at liberty to vary the plain language of the statute. *See Metro Auto-Auction v. Director of Revenue*, 707 S.W.2d 397, 401 (Mo. banc 1986). Thus, the entire amount of disability compensation received from Worker's Compensation proceedings (whether for temporary or permanent disability) must be credited against the Crime Victim's award.

■ Therefore, since Printy did not prove a greater amount of lost earnings than he received in disability compensation from the Worker's Compensation settlement, the trial court erred in awarding Printy compensation under the Crime Victim's Act.

The disposition of this case renders treatment of the State's other points unnecessary.

The judgment is reversed.

All concur.

---

3. While the figures in evidence are not reconcilable arithmetically with the figures listed in the trial court's judgment, this seems to be due to errors made by Printy's attorney in his presentation to the court and by the administrative law judge in transcribing the figures from documents in evidence. Since the arithmetic is irrelevant to the disposition of this case, the court will not attempt to explain the discrepancies.

4. Printy does not argue that the Worker's Compensation award for permanent partial disability does not fall within the literal language of § 595.035.2.